IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KATELYN KELLY WILLS, | * |
| *Plaintiff,* | * |
| v. | * |
| | Civil Action No. RDB-23-1158 |
| MPF FEDERAL, LLC, *et al.*, | * |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

This case arises out of a dispute over Plaintiff Katelyn Kelly Wills's ("Plaintiff" or "Wills") employment with Defendant MPF Federal, LLC ("MPF"). During Wills's tenure with MPF, MPF held a government contract with the United States Army Medical Research Institute of Chemical Defense ("USAMRICD"). Through her Amended Complaint (ECF No. 5),[1] Plaintiff asserts two claims against MPF, as well as against Christine Wormuth in her official capacity as the Secretary of the United States Army[2] ("the Army Defendant" or "the Army"). Specifically, Plaintiff asserts two claims—a claim for sex and pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 (Count I); and a claim for sex discrimination, in violation of the Maryland Fair Employment Practice Act ("MFEPA"), MD. CODE ANN., STATE GOV'T § 20-606 (Count II).

---

[1] For clarity, this Memorandum Order cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Order cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

[2] As of February 25, 2025, Daniel P. Driscoll was sworn in as the Secretary of the Army.

She specifically alleges that the Army was her joint employer with Defendant MPF. This Court previously granted a Joint Motion to Stay this case for a period of time. (ECF Nos. 25; 28).)

Currently pending before this Court is the Army Defendant's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and pursuant to Federal Rule of Civil Procedure 12(b)(1).[3] (ECF No. 20.) Plaintiff has responded in opposition (ECF No. 26), and the Army Defendant has replied (ECF No. 30). The parties' submissions have been reviewed, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the forthcoming reasons, the Army Defendant's Motion to Dismiss (ECF No. 20) is GRANTED. Specifically, Count I of the Amended Complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE as to the Army Defendant; and Count II of the Amended Complaint (ECF No. 5) is DISMISSED WITH PREJUDICE as to the Army Defendant. Accordingly, this case shall proceed with respect to both claims against Defendant MPF, which has filed an Answer (ECF No. 14). Consistent with the parties' joint status report and request dated February 5, 2025, (ECF No. 31), the Stay in this case shall be LIFTED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Amended Complaint (ECF No. 5) and accepted as true for the

---

[3] On June 29, 2023, the Army Defendant filed a Consent Motion for Extension of Time (ECF No. 19). The Consent Motion for Extension of Time (ECF No. 19) is GRANTED.

purpose of the Army Defendant's Motion to Dismiss (ECF No. 20).

### I.     Factual Background

Sometime in January 2017, Plaintiff Katelyn Kelly Wills began working at United States Army Medical Research Institute of Chemical Defense as a veterinary technician under a contract with SoBran, Inc. (ECF No. 5 ¶ 14.) After the SoBran, Inc. contract ended in March 2017, Wills continued in her position at USAMRICD with a new contracting agency, Venesco, LLC. (*Id.*) In the subsequent three years, Wills was promoted on three separate occasions. (*Id.* ¶¶ 14–15.) For her third promotion in April 2020 to Project Manager, Wills was required to obtain several advanced certifications within six months. (*Id.* ¶ 15.) For one of these required certifications, she was not "eligible to take the required certification exams . . . until January 2022." (*Id.* ¶ 16.) In December 2020, Venesco, LLC's contract ended, which MPF Federal, LLC ("MPF") and FEFA, LLC ("FEFA") picked up. (*Id.* ¶ 17.) "[P]er USAMRICD's request that she remain as a Project Manager," Wills continued to work on this new contract. (*Id.*) Wills received either "Satisfactory" or "Above Average" ratings in her performance appraisal with the review period from January 1, 2021, to December 31, 2021. (*Id.* ¶¶ 24–25.)

On May 11, 2022, Wills informed Human Resources, MPF, and FEFA that she was pregnant and that she was planning to work until closer to her due date. (*Id.* ¶¶ 27–28.) A representative from MPF's Human Resources department congratulated Wills and sent her paperwork to complete. (*Id.* ¶ 29.)

Shortly after Wills's disclosure of her pregnancy, MPF "began sending emails" that the Contract Officer Representative ("COR") "was concerned with the lack of certifications met

by the employees on the contract." (*Id.* ¶ 31.) On June 1, 2022, Wills "was forced to demote" one of her team members because he had not yet met the certification requirement. (*Id.* ¶ 32.) That same day, Wills told the COR that she would be sitting for the first part of her required certification exam later that month. (*Id.* ¶ 33.)

One week later on June 8, 2022, the COR asked Wills why she did not have the necessary certification for her position of Project Manager. (*Id.* ¶ 35.) Two days later, MPF terminated Wills due to "lack of leadership and failure to meet the required certification" on June 10, 2022. (*Id.* ¶ 36.) In response, Wills "asked for instances where she lacked leadership," as she had never received any communication of issues regarding her performance. (*Id.* ¶ 37.) Wills additionally inquired why she had been terminated, rather than demoted, and MPF informed her that "the contracting agency, USAMRICD, did not want to issue a write up but instead wanted her off the contract entirely." (*Id.* ¶¶ 38–39.)

## II.     Procedural Background

On August 9, 2022, Wills filed a charge of discrimination with the EEOC in its Baltimore office. (*Id.* ¶ 11.) On December 20, 2022, the EEOC declined to proceed with Wills's complaint and issued Plaintiff a Notice of Right to Sue. (*Id.* ¶ 12.) Wills filed a Complaint in this Court on May 1, 2023 (ECF No. 1), which was later amended on May 3, 2023 (ECF No. 5). While Defendant MPF filed an Answer (ECF No. 14), the Army Defendant opted to file the pending Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 20). That Motion is fully briefed (ECF Nos. 26; 30) and ripe for review.

**STANDARD OF REVIEW**

I. **Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In determining whether jurisdiction exists, the district court "is to regard the pleading' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–69 (4th Cir. 1991). The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

II. **Motion to Dismiss Pursuant to Rule 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotations

omitted).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Through her Amended Complaint (ECF No. 5), Wills asserts a federal claim for sex and pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, against both MPF and the Army (Count I) (*id.* ¶¶ 40–51); and a state law claim for sex discrimination in violation of the Maryland Fair Employment Practice Act, MD. CODE ANN., STATE GOV'T § 20-606, also against both MPF and the Army (Count II) (*id.* ¶¶ 52–55). Through its Motion to Dismiss, the Army Defendant seeks dismissal of both counts asserted against it. (ECF No. 20.) As to Count I, the Army contends that Wills's

Title VII claim fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because Wills did not plausibly allege that the Army was a joint employer (ECF No. 20-1 at 8–12); because Wills did not administratively exhaust her claim prior to filing suit (*id.* at 12–14); and because Plaintiff cannot establish a *prima facie* case for discrimination against the Army (*id.* at 14–19). As to the MFEPA claim in Count II, both parties agree that the Government has not waived sovereign immunity. (*Id* at 7; ECF No. 26-1 at 5.) The Court briefly addresses Count II before discussing the parties' arguments on Count I.

I. **Plaintiff's MFEPA Claim (Count II)**

In her Amended Complaint, Wills asserts that she suffered sex discrimination, interference with statutory rights, and retaliation in violation of the MFEPA. (ECF No. 5 ¶¶ 52–55.) The Army moves to dismiss Count II pursuant to Fed. R. Civ. P. 12 (b)(1), contending that Wills's MFEPA claim may not be asserted against the Army Defendant because, as a federal agency, the Government never waived sovereign immunity. (ECF No. 20-1 at 7–8.) In her Response in Opposition, Wills admits the absence of a waiver of sovereign immunity and asserts the claim only as to Defendant MPF.[4] (ECF No. 26-1 at 5.) Accordingly, the Army Defendant's Motion to Dismiss the Plaintiff's Amended Complaint (ECF No. 20) is GRANTED as to Count II, which is DISMISSED WITH PREJUDICE.

II. **Plaintiff's Title VII Discrimination Claim (Count I)**

In Count I of the Amended Complaint, Wills asserts a federal claim for sex and pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[4] Wills states, "Plaintiff does not argue that the United States has waived immunity to be sued under FEPA, therefore to the degree that the claims appear to implicate the Department of Army, Ms. Wills does not seek to hold the DOA accountable under FEPA." (ECF No. 26-1 at 5.)

7

§§ 2000e–2000e-17, against both MPF and the Army. (ECF No. 5 ¶¶ 40–51.) Through the Army Defendant's Motion to Dismiss, the Army contends that Count I must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Wills failed to plausibly allege that the Army was a joint employer, (ECF No. 20-1 at 8–12); because Wills failed to administratively exhaust her claim prior to filing suit, (*id.* at 12–14); and because Plaintiff cannot establish a *prima facie* case for discrimination against the Army, (*id.* at 14–19). The Court first considers whether Plaintiff failed to administratively exhaust her claim prior to filing suit before turning to consider whether Plaintiff sufficiently alleges (1) that the Army was a joint employer subject to a Title VII action and (2) a *prima facie* case for discrimination against the Army.

### A. Plaintiff Failed to Administratively Exhaust Claim Prior to Filing Suit.

In her Amended Complaint, Wills asserts that she has "satisfied all administrative and procedural prerequisites and conditions precedent to bringing" a Title VII action "by timely filing a Charge of Discrimination" with the EEOC. (ECF No. 5 ¶ 10.) The Army argues that because she did not initiate an administrative complaint through the Army's own administrative remedy process prior to filing a charge with the EEOC, Wills has failed to administratively exhaust remedies prior to initiating a lawsuit against the Army. (ECF No. 20-2 at 12–14.)

Title VII, codified at 42 U.S.C. § 2000e-16, governs employee claims, including federal employee claims, for employment discrimination. "Congress has delegated to the Equal Employment Opportunity Commission ('EEOC') the authority to promulgate regulations to implement Title VII." *Stewart v. Iancu*, 912 F.3d 693, 698 (4th Cir. 2019). Title VII requires federal employees to administratively exhaust remedies prior to initiating a lawsuit. *Id.* at 699.

8

This directive "serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).

"A federal employee alleging a violation of Title VII must first raise the issue within his [or her] agency." *Nielsen v. Hagel*, 666 F. App'x 225, 227 (4th Cir. 2016); *Kobraei v. Alexander*, 521 F. App'x 117, 118 (4th Cir. 2013) ("It is well-settled that a plaintiff must exhaust her administrative remedies before filing a lawsuit under Title VII."); *Blount v. Dep't of Health & Hum. Servs.*, 400 F. Supp. 2d 838, 840 (D. Md. 2004), *aff'd sub nom. Blount v. Thompson*, 122 F. App'x 64 (4th Cir. 2005) ("Prior to pursuing Title VII discrimination . . . claims in district court, a federal employee must timely exhaust all available administrative remedies.").

A complainant "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The EEO counselor "is required to conduct an initial counseling session" and inform the employee in writing of rights and responsibilities. *Id.* § 1614.105(b)(1), (2). After this initial complaint, if the matter is not resolved within 90 days of this meeting with the EEO counselor, the counselor then issues a written notice of the right to file a formal complaint with the agency." *Id.* § 1614.105(d)–(f).

This 45-day reporting requirement may be extended in certain circumstances:

> [W]hen the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

9

29 C.F.R. § 1614.105(a)(1). "[T]he burden of proving a lack of such notices lies with the complainant." *Cooley v. Goss*, 430 F.Supp.2d 544, 548 (E.D. Va. 2005), *aff'd sub nom. Cooley v. Tenet*, 141 F. App'x 129 (4th Cir. 2005). As Judge Messitte of this Court has stated, failure to initiate contact "within the 45-day window is tantamount to failure to timely exhaust all administrative remedies," which "ordinarily results in dismissal" under Federal Rule of Civil Procedure 12(b)(6). *Blount*, 400 F. Supp. 2d at 841. *See also Fort Bend Cnty v. Davis*, 587 U.S. 541, 543 (2019) (noting that the charge-filing instruction under Title VII is not jurisdictional).

Wills made no allegations in her Amended Complaint that she complied, or made any attempt to comply, with the agency complaint requirement. 29 C.F.R. § 1614.105(a)(1). Wills's argument in her Opposition to the Motion to Dismiss (ECF No. 26-1) that equitable tolling applies is likewise unavailing. (*Id.* at 10–12.) Wills contends that the equitable exceptions to timely filings in 29 C.F.R. § 1614.604(f) should apply because she was "[u]nfamiliar with the laws governing employment" and filed charges with other agencies, namely, the Maryland Commission for Civil Rights ("MCCR") and the Office of Federal Contract Compliance Programs ("OFCCP"). (*Id.*) Despite her claim in her Opposition that MCCR and the EEOC "have an agreement to prevent multiple investigations" and that therefore the "EEOC was the investigating entity,"[5] (*id.* at 11), Wills made zero allegations in her Amended Complaint to this effect. Accordingly, the Army Defendant's Motion to Dismiss the Plaintiff's Amended

---

[5] Even if this contention was true, equitable tolling would not apply. "Federal courts have typically extended equitable relief only sparingly," such as in situations where a claimant filed a defective pleading "during the statutory period" or where a claimant "has been induced or tricked . . . into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). There are no allegations of deception or other misconduct on behalf of the Army Defendant with regards to Wills's filing of a complaint.

10

Complaint (ECF No. 20) is GRANTED as to Count I, which is DISMISSED WITHOUT PREJUDICE.

### B. Wills Fails to Plausibly Allege that the Army was a Joint Employer.

Even if Wills had exhausted her administrative remedies, the Amended Complaint fails to plausibly allege that the Army was a joint employer. As the Fourth Circuit explained in *Butler v. Drive Automotive Industries of America, Inc.*, 793 F.3d 404, 408 (4th Cir. 2015), "[a]n entity can be held liable in a Title VII action only if it is an 'employer' of the complainant." In her Amended Complaint, Wills alleges that the Army and MPF "acted as joint employers," allowing her to hold both MPF and the Army liable for employment discrimination (ECF No. 5 ¶ 9).

The joint employer doctrine applies where two employers "share or co-determine those matters governing the essential terms and conditions of employment." *Butler*, 793 F.3d at 408 (quoting *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc)). Courts consider several factors when assessing whether two or more entities jointly employed an individual for Title VII liability, with the most important factors being the authority to hire/fire, day-to-day supervision of the employee, employee discipline, and whether the employer furnishes the equipment/place of work. *See Smith v. CSRA*, 12 F.4th 396, 414 (4th Cir. 2021) (enumerating nine non-dispositive factors the court must consider but indicating those related to control are the most important).

Wills makes only two allegations in her Amended Complaint as to the Army: (1) that she continued on her contract when MPF was awarded the contract with USAMRICD "per USAMRICD's request that she remain as a Project Manager," (ECF No. 5 ¶ 17); and (2) that

11

USAMRICD "did not want to issue a write up but instead wanted her off the contract entirely." (*Id.* ¶ 39.) Though it is not clear from the allegations in Plaintiff's Amended Complaint, the parties agree that the Army furnishes the equipment used and the place of work. (*See* ECF Nos. 20-1 at 11; 26-1 at 10.) Nevertheless, construing these facts in the light most favorable to Wills, the Court finds that Plaintiff has failed to plausibly allege sufficient facts to support that she was jointly employed by the Army. At most, Plaintiff's allegations suggest that MPF was influenced by the Army's requests that Plaintiff either remain on or be removed from a contract. However, it does not follow that the Army had the authority to hire or fire her from her position at MPF; nor does it follow that the Army was involved with employee supervision and discipline at MPF.

### C. Wills Fails to Allege Sufficient Facts to Support a Claim of Discrimination Against the Army.

Even if Wills had exhausted her administrative remedies and plausibly alleged sufficient facts to support that she was jointly employed by the Army, the Amended Complaint fails to allege sufficient facts to support a claim of discrimination against the Army. As relevant to the instant case, Title VII forbids employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. As an initial matter, a plaintiff pursuing a claim under Title VII may either offer direct evidence of discrimination or, using indirect evidence, she may rely on the burden shifting framework that was adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As she concedes, (ECF No. 26-1 at 12), Wills does not allege direct evidence of discrimination.

To establish a discrimination claim under the *McDonnell Douglas* burden-shifting

12

framework, Wills must eventually put forth a prima facie case of discrimination by establishing that: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015). In an employment discrimination action, however, "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, a plaintiff need not plead facts that constitute a prima facie case to survive a motion to dismiss. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). The factual allegations must only be sufficient "to satisfy the elements of a cause of action created by" Title VII, *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015), and raise the plaintiff's "right to relief above the speculative level." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). In other words, a plaintiff must show that the employer took an adverse action against the plaintiff "under circumstances which give rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

As the Army Defendant concedes, (ECF No. 26-1 at 16), as a pregnant female, Wills was a member of a protected class, and her termination was plainly an adverse employment action. Nevertheless, assuming the Amended Complaint alleges facts that might show that Wills was performing at a level that met her employer's legitimate expectations, the facts alleged in the Amended Complaint cannot be read to allege discriminatory animus on the part of the Army. In brief, while Wills alleges that she informed MPF and FEFA of her pregnancy, (ECF No. 5 ¶¶ 27–29), she does not allege that the Army Defendant had knowledge of her pregnancy, beyond conclusory alleging that "Defendants [i.e., MPF and the Army] were aware

13

of Plaintiff's pregnancy." (*Id.* ¶ 42.) Simply stated, Plaintiff's complaint does not plausibly plead sufficient facts that the Army Defendant discriminated against her because of a protected trait.

## CONCLUSION

For the foregoing reasons, it is this 14th day of April, 2025, ORDERED that:

1. The Consent Motion for Extension of Time (ECF No. 19) is GRANTED;

2. The Army Defendant's Motion to Dismiss (ECF No. 20) is GRANTED. Specifically, Count I of the Amended Complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE as to the Army Defendant; and Count II of the Amended Complaint (ECF No. 5) is DISMISSED WITH PREJUDICE as to the Army Defendant; and

3. This case shall PROCEED with respect to both Counts I and II against Defendant MPF Financial, LLC;

4. The Stay in this case shall be LIFTED;

5. This Court will enter a Scheduling Order; and

6. The Clerk of the Court shall transmit a copy of this Order to counsel of record.

/s/
Richard D. Bennett
United States Senior District Judge